UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DUANE KAUFMANN,

    Plaintiff,

  v.                                    COMPLAINT
                                          Case Number: 21-475

SCHOOL DISTRICT OF GREENFIELD;
MARK S. KAPOCIUS;
SCOTT MILLER;
GAGE JOHNSON,

    Defendants.

Plaintiff, Duane Kaufmann, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson, Kelsey R. S. Kerr and Nicholas O. Yurk, alleges in this Complaint as follows:

### NATURE OF THE CASE

1. Plaintiff, Duane Kaufmann, alleges that Defendants, School District of Greenfield, Mark S. Kapocius, Scott Miller and Gage Johnson, interfered with his rights under the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*], by refusing to reinstate him to the position of employment held by Kaufmann when the leave commenced with equivalent employment benefits, pay, and other terms and conditions of employment; and, retaliated against Kaufmann for exercising his FMLA rights.

### JURISDICTION AND VENUE

2. Jurisdiction over Kaufmann's claims under the FMLA, [29 U.S.C. § 2601, *et. seq.*] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Court because a

substantial part of the events or omissions giving rise to the claims of Kaufmann occurred in this District and School District of Greenfield has substantial and systematic contacts in this District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.P., have been performed or have otherwise occurred.

## JURY DEMAND

5. Plaintiff hereby requests a trial by jury, pursuant to Fed.R.Civ.P. 38(b).

## PARTIES

6. Plaintiff, Kaufmann, is an adult who resides at 3972 South 43rd Street, Greenfield, WI 53220.

7. Defendant, School District of Greenfield ("SDG"), is a "school district" as that term is used in Chapters 115 through 121 of the Wisconsin Statutes. SDG has its central offices and principal place of business at 4850 S 60th St., Greenfield, WI 53220.

8. Defendant, Mark S. Kapocius, is an adult who resides at 4995 Saxony Ln. Greendale, WI 53129.

9. Defendant, Scott Miller, is an adult who resides at 6845 S. 68th St., Apt. 208, Franklin, WI 53132.

10. Defendant, Gage Johnson, is an adult who resides at 2912 N. Shore Dr., East Troy, WI 53120.

## OPERATIVE FACTS

11. On or about December 9, 2019, Kaufmann commenced employment with SDG in the capacity of a custodian reporting to Gage Johnson, Facilities Supervisor.

12. SDG employed more than 50 employees during the relevant time period.

13. Kaufmann was eligible for the FMLA protections.

14. SDG was covered by the FMLA.

15. On March 9, 2020, Johnson and Scott Miller, Director of Buildings & Grounds, evaluated Kaufmann's job performance as exceptional.

16. On January 14, 2021, Kaufmann's medical doctor provided SDG, Miller, Johnson and Kapocius with written notice that Kaufmann was excused from work from January 14 through January 18 for pending COVID concerns, evaluation and results.

17. During Kaufmann's leave from work, he suffered from a serious health condition that made him unable to perform the functions of his position, pursuant to 29 U.S.C. § 2612(a)(1)(D).

18. SDG policy forbids employees reporting to work with COVID symptoms.

19. On January 18, 2021, Defendants SDG, Miller, Johnson and Kapocius, Director of Human Resources & General Counsel for SDG, disciplined Kaufmann in writing, a true and correct copy of which is annexed hereto as Exhibit A, for Kaufmann exercising his FMLA rights and threatened that Kaufmann's employment would be terminated if he had additional absences.

20. On or about March 8, 2021, Kaufmann made an oral request for FMLA leave for surgery and six-week recovery to Miller and Debbie Ehemann, HR Assistant.

21. On or about March 8, 2021, Kaufmann provided a written request for FMLA leave for surgery and six-week recovery to Kapocius and Johnson.

22. Kaufmann's FMLA leave request was for a serious health condition that made him unable to perform the functions of his position, pursuant to 29 U.S.C. § 2612(a)(1)(D).

23. Kaufmann provided sufficient notice to SDG, Miller, Johnson and Kapocius of his intent to take FMLA leave.

24. Kaufmann had been employed by SDG at least twelve (12) months at the time he

requested FMLA leave.

25. As a full-time employee, Kaufmann was eligible for up to 12 weeks of FMLA leave.

26. On March 15, 2021, SDG, Miller, Johnson and Kapocius terminated Kaufmann's employment because he exercised his rights under the FMLA.

27. SDG, Miller, Johnson and Kapocius' notice of termination to Kaufmann specifically referenced the January 18, 2021 discipline notice.

28. SDG, Miller, Johnson and Kapocius' notice of termination to Kaufmann included pretextual reasons for the termination.

29. SDG, Miller, Johnson and Kapocius denied Kaufmann the benefits to which he was entitled.

30. Kapocius, Miller and Johnson had supervisory authority over Kaufmann and were responsible in whole or part for the violation of Kaufmann's rights under the FMLA.

31. SDG, Miller, Johnson and Kapocius' willful and bad faith violations of Kaufmann's rights under the FMLA resulted in the termination of his employment on or about March 15, 2021, causing him to suffer a loss of pay and benefits.

### FIRST CLAIM FOR RELIEF
### FMLA INTERFERENCE § 2615(a)(1)

32. As and for a first claim for relief, Kaufmann re-asserts the allegations recited above in ¶¶ 1-31, and fully incorporates those paragraphs herein by reference.

33. SDG, Miller, Johnson and Kapocius deprived Kaufmann of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the protections of FMLA, SDG was covered by the FMLA, Kaufmann was entitled to leave under the FMLA, and SDG, Miller, Johnson and Kapocius denied his FMLA benefits to which he was entitled.

34. The allegations more particularly described above caused Kaufmann wage loss, benefits loss, and expenses, all to his damage.

## SECOND CLAIM FOR RELIEF
## FMLA RETALIATION §2615(a)(2)

35. As and for a second claim for relief, Kaufmann re-asserts the allegations recited above in ¶¶ 1-31, and fully incorporates those paragraphs herein by reference.

36. SDG, Miller, Johnson and Kapocius violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of discharging Kaufmann's benefits and employment on account of his activity protected by the FMLA.

37. The allegations more particularly described above regarding the intentional discriminatory practices of SDG, Miller, Johnson and Kapocius were not made with good faith or reasonable grounds for believing that the conduct did not violate the FMLA.

38. The allegations more particularly described above caused Kaufmann wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE Kaufmann demands relief as follows:

a. Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

b. the interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c. equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d. a reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e. reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f.  costs of the action pursuant to 29 U.S.C. § 2617;

g.  an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

h.  such other relief as the court deems just and equitable.

Dated this 15th day of April, 2021.

s/ Alan C. Olson
Alan C. Olson, SBN: 1008953
Kelsey R. S. Kerr, SBN: 1113700
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com